IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| FREDDIE BOUKNIGHT,  )  <br>                                       )<br>                     Plaintiff,   )<br>                                       )<br> v.                                  )<br>                                       )<br> THE UNIVERSITY OF SOUTH )<br> CAROLINA,                      )<br>                                       )<br>                     Defendant.  )<br> _____) | Civil Action No: 3:04-637-MBS-BM <br><br> **REPORT AND RECOMMENDATION** |

      This action was filed by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., alleging employment discrimination. The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 30, 2005. After receiving an extension of time to respond, Plaintiff filed a memorandum in opposition to the Defendant's motion on October 25, 2005, following which Defendant filed a reply memorandum on November 4, 2005. Defendant's motion is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

1



**Background and Evidence**[2]

Plaintiff is an African-American who began working for the Defendant in 1992 as a Trades Helper. Plaintiff's Deposition, pp. 9-10. Plaintiff retired on medical disability in 2002 after suffering an on-the-job injury. Plaintiff's Deposition, pp. 9-12; see also Plaintiff's Supplemental Answers to Defendant's Interrogatories. Plaintiff claims that in 1995 or 1996 he did not earn the same salary as a white employee who held the same job, and that prior to 1997 he also failed to receive raises that other similarly situated employees received. Plaintiff's Deposition, pp. 19-21, 30. Plaintiff also generally testified that he was treated disparately from white employees in the issuance of equipment (ear plugs) and/or work assignments, all again prior to 1997. See generally, Plaintiff's Deposition, pp. 21-22, 25, 28; Plaintiff's Supplemental Answers to Defendant's Interrogatories.[3]

On or about October 5, 1999, Plaintiff as well as some other maintenance employees of the Defendant filed a joint administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Plaintiff's Deposition, pp. 17-18; Defendant's Exhibit 1. The EEOC reviewed these complaints, which alleged discrimination between August 19, 1997 and October 1, 1999, for each individual listed on the administrative charge. Id. After Plaintiff's receipt

---

[2] The facts and evidence are considered and discussed hereinabove in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

[3] The Complaint filed in this action sets forth Plaintiff's claims in only a general and conclusory fashion. The specific instances of discrimination alleged by the Plaintiff and discussed in this Report and Recommendation were obtained as a result of a review of Plaintiff's deposition testimony and his response to Defendant's Supplemental Interrogatories. See Plaintiff's Deposition, pp. 19-22, 25, 28, 30; Plaintiff's Responses to Defendant's Supplemental Interrogatories; see also Order filed February 15, 2005 (consent order regarding notification of claims being asserted).



of a right to sue letter on May 21, 2001; see Plaintiff's Deposition, p. 18; Defendant's Exhibit 2; this action was filed in the United States District Court asserting claims for disparate treatment race discrimination.[4]

### **Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

Defendant argues in its motion for summary judgment that this case should be dismissed because Plaintiff's claims are time barred. After careful consideration of the arguments and exhibits presented, the undersigned is constrained to agree. Title VII requires that a claimant file a charge of discrimination with the EEOC within one hundred and eighty (180) days of the alleged discriminatory act or acts, or, if the alleged discrimination occurred in a "deferral state", within three hundred (300) days from the alleged discriminatory act or acts if the claimant initially institutes proceedings with the appropriate state agency, or within thirty (30) days of the state agency's termination of its proceedings, whichever is earlier. See 42 U.S.C. § 2000e-5(e).

Here, it is undisputed that South Carolina is a deferral state, and that the South

---

[4]Plaintiff initially filed a joint lawsuit together with the other maintenance employees. That initial action was subsequently withdrawn so that each individual Plaintiff could separately pursue their own individual claims in this Court.



Carolina Human Affairs Commission (SCHAC) is the appropriate state agency for purposes of initiating state proceedings. The record reflects that Plaintiff's administrative charge was forwarded to SCHAC by the EEOC on or about October 16, 1999, although it was investigated by the EEOC pursuant to a "work sharing agreement." Plaintiff's Deposition, Defendant's Exhibit 2. Therefore, Plaintiff had three hundred (300) days to file his administrative charge following a discriminatory act, and a failure by the Plaintiff to do so bars him from pursuing a Title VII lawsuit in this Court with respect to any alleged discriminatory act which falls outside of this three hundred (300) day period. United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979); Mickel v. South Carolina State Employment Serv., 377 F.2d 239, 242 (4th Cir. 1967); see National RR Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002).[5]

        Based on Plaintiff's administrative charge filing date of October 5, 1999, any separate and distinct discrimination claims occurring prior to December 9, 1998 would not be actionable. Williams, 370 F.3d at 429; Morgan, 536 U.S. at 114; Huckabay, 142 F.3d at 239. Here, Plaintiff testified that around 1995 or 1996 he did not receive the same pay as a white

---

[5] A claimant may in some circumstances include claims beyond this three hundred (300) day period where the Defendant's conduct is deemed to be a "continuing violation." However, under the applicable caselaw, separate and distinct acts are not considered as part of a "continuing violation" together with any prior (and untimely) allegedly discriminatory decisions which involved the same claimant. See Morgan, 536 U.S. at 117 [finding that "discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'," and prior discrete discriminatory acts which are not filed within the 300 day time limit "are untimely filed and no longer actionable."]; Williams v. Giant Food, Inc., 370 F.3d 423, 429 (4th Cir. 2004) [continuing violation doctrine does not apply to a failure to promote claim, as a promotion decision is a discreet act of discrimination]; cf. Huckabay v. Moore, 142 F.3d 233, 239 (5th Cir. 1998) [distinguishing applicability of the continuing violation theory to hostile work environment claims, for which it may be used, from other types of claims, such as failure to promote].

4



employee who held the job, and that prior to 1997 he also did not receive raises that other employees in similar positions received. Plaintiff's Deposition, pp. 20-21, 30.  Although salary discrimination can be considered a continuing violation in some cases; Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 345-348 (4th Cir. 1994); that would not be the case here since Plaintiff had knowledge of the alleged discriminatory acts well before the 300 day deadline. Plaintiff's Deposition, pp. 20-21, 30. See also Becker v. Gannett Satellite Information Network, Inc., 10 Fed. Appx. 135, 139-140 (4th Cir. 2001); Miller v. American Family Mutual Ins. Co., 203 F.3d 997, 1004 (7th Cir. 2000) [even though alleged discriminatory pay practice continued into limitations period, plaintiff was aware of alleged pay inequality well before then and therefore could not rely on the continuing violation theory]; Morgan, 536 U.S. at 114 [holding that "salary discrimination" can be a discrete act]; see also Dasgupta v. University of Wisconsin Bd. of Regents, 121 F.3d 1138, 1140 (7th Cir. 1997).[6]

---

[6] In any event, even if Plaintiff's pay claims could be deemed viable under Brinkley-Obu, Plaintiff has presented no evidence to survive summary judgment. Plaintiff's testimony regarding his pay claims is set forth in only the most general and conclusory manner. Plaintiff's Deposition, pp. 19-22, 30.  Plaintiff is unable to identify any similarly situated white employees who were receiving raises that he was not, nor does he provide any other information with respect to these claims. See Moore v. City of Charlotte, N.C., 754 F.2d 1100, 1105-1106 (4th Cir. 1985) [Title VII plaintiff must identify a similarly situated employee who was treated differently than the plaintiff]; Brinkley-Obu, 36 F.3d at 343 [to establish a prima facie case of race discrimination in compensation under Title VII, a plaintiff must prove that the higher paid employee was preforming a substantially similar job]; Houck v. Virginia Polytechnic Institute and State University, 10 F.3d 204, 206 (4th Cir. 1993) [Plaintiff must show he receives less pay than a co-employee, outside of his protected class, performing work substantially equal in skill, effort, and responsibility under similar working conditions.]; Ogden v. Keystone Residence, 226 F.Supp.2d 588, 602 (M.D.Pa. 2002); Taylor v. Northeast Illinois Regional RR Corp., No. 01-6319, 2004 WL 635058, *5-6 (N.D.Ill. March 30, 2004) [defendant entitled to summary judgment where plaintiff failed to present any admissible evidence to support claim]; Graham v. Prince George's County, No. 05-1946, 2006 WL 2062879, *3 (4th Cir. July 25, 2006) [summary judgment granted where plaintiff
(continued…)

5



Plaintiff's other claims relating to lack of equipment and work assignments also predate 1997. Plaintiff has presented no evidence or even argument to show that any such claims or conduct occurring prior to 1997 serve to bring these claims under the umbrella of a continuing violation.[7] Huckabay, 142 F.3d at 239; see Plaintiff's Deposition, pp. 21-22, 25, 28. Therefore, Plaintiff's salary and other claims fall outside of the applicable three hundred (300) day claim period, and may not ordinarily be considered by this Court. While Plaintiff advances two arguments as to why his claims should be considered notwithstanding the three hundred (300) day time bar; hostile work environment and equitable estoppel; for the reasons set forth hereinbelow, the undersigned does not find that either of these arguments has any merit.[8]

---

[6](…continued)
failed to furnish sufficient facts to permit a trier of fact to conclude that she was a victim of wage discrimination].

[7]In his response to the Defendant's Supplemental Interrogatories, Plaintiff makes the general and conclusory statement that:
> during the time approximately 1998 through the time he left (2002) he would be required by his white supervisor, Jack Berry, from time to time to perform work for white employees, work that white employees were qualified to do themselves.

Plaintiff's Supplemental Answers to Interrogatories Answer 16.

Plaintiff provides no specifics regarding this "work" and has provided no evidence to show how this statement would relate to his claim that he was not provided with new earplugs or gloves in the mid 1990s. Plaintiff's Deposition, pp. 22, 25, 28.

[8]Plaintiff also refers in his memorandum to claims of other individuals who worked for the Defendant. However, the previous multi-Plaintiff case was dismissed specifically so that each Plaintiff could pursue their own, *individual*, claim against this Defendant. Neither this action, or even the prior multi-Plaintiff action, is or ever was a class action. Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 190 (4th Cir. 2004) ["[A]n individual plaintiff in a private, non-class action alleging employment discrimination is not litigating common questions of fact, but the discrete question of whether the employer discriminated against the plaintiff in a specific instance."], (quoting Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 761 (4th Cir. 1998)).



First, Plaintiff has not set forth a claim of hostile work environment in this case. Plaintiff has testified only to alleged incidents of pay disparity, work assignments, and about having to turn in his old ear plugs to get new ones, while "white employees would be given new ear plugs daily and would not be required to turn in the used ear plugs…." See Plaintiff's Supplemental Answers to Defendant's Interrogatories. Pursuant to this Court's order of February 15, 2005, Plaintiff was required to specifically identify the claim or claims he was asserting in this lawsuit, and no evidence, exhibits, or information has been submitted to this Court to show that any hostile work environment claim was being asserted by this Plaintiff. Plaintiff cannot now change his theory of recovery, nor is the Defendant required to defend a claim which essentially becomes a "moving target" depending on the facts and arguments presented.

In any event, even if Plaintiff had asserted a hostile work environment claim in this case, "[i]ncidents outside of the statutory window are [nevertheless] time-barred unless they can be related to a timely incident as a 'series of separate but related acts' amounting to a continuing violation". Beall v. Abbott Laboratories, 130 F.3d 614, 620 (4th Cir. 1997), (citing Jenkins v. Home Ins. Co., 635 F.2d 310, 312 (4th Cir. 1980)); Morgan, 536 U.S. at 105 ["[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as any act contributing to that hostile work environment takes place within the statutory time period."]; Huckabay, 142 F.3d at 239. Plaintiff has identified no specific act contributing to any hostile work environment that took place within the statutory time period.

As for equitable estoppel, Plaintiff states in his brief only that "[f]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court,

7



but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling", citing to Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)]. Plaintiff's Memorandum, p. 7. However, Plaintiff has referenced no exhibits or even argument to support a claim for equitable estoppel in this case. Plaintiff merely pointing out in his brief that the doctrine of equitable estoppel is sometimes applied to Title VII claims does not mean that he is entitled to such relief. "Equitable relief is reserved for only the most deserving complainants," usually where there exists affirmative misconduct. Polsby v. Chase, 970 F.2d 1360, 1363 (4th Cir. 1992), vacated on other grounds, 113 S.Ct. 1940 (1993)

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Polsby, 970 F.2d at 1363 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Here, as noted, Plaintiff has presented no evidence whatsoever to show that he is entitled to equitable estoppel in this case. Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir. 2002) ["The party who invokes equitable tolling bears the burden of demonstrating that it applies in his case."]; see also Madison v. St. Joseph Hospital, 949 F.Supp. 953, 960 (D.N.H. 1996).

     In reaching the conclusion set forth herein, the undersigned is not signaling a lack of concern over Plaintiff's claims. However, the Fourth Circuit has strictly construed the statutory filing requirements for Title VII cases, holding that "[p]rocedural requirements...for gaining access to the...courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Polsby, 970 F.2d at 1364, vacated on other grounds, 113 S.Ct. 1940 (1993), (quoting Baldwin County

8



Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)); see Poteat v. Mack Trucks Inc., No. 96-1437, 1997 WL 33117, **4 (4th Cir. January 28, 1997); Chappell v. Emco Machine Works Co., 601 F.2d 1295, 1303 (5th Cir. 1979). Plaintiff failed to file his administrative charge within three hundred (300) days of the discrimination claims at issue. Based on this evidence, and in light of the applicable caselaw and statutory requirements, the undersigned has no choice but to find that Plaintiff's claims are time barred, and are therefore subject to dismissal.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 9, 2006

